**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ARIES D. CRUDUP :
:
vs. : C.A. No. 05-330-T
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Ernest C. Torres, Senior United States District Judge.

Aries D. Crudup has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, the motion is denied.

**Background**

On September 30, 2001, Providence police officers arrested Crudup and found a firearm and seventeen bags of cocaine in his possession. On September 27, 2002, Crudup pled guilty in this Court to possessing a firearm after being previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1]

The Pre-Sentence Report ("PSR") calculated Crudup's base offense level at 24. The offense level was increased by four levels

---

[1] At the time of his arrest Crudup was on probation and under a suspended sentence for a prior state court drug conviction. As a result of the incident that is the subject of this case, Crudup was found to be in violation of the terms of his probation and, at the time sentence was imposed in this case, he was serving the balance of his suspended sentence. See State v. Crudup, 842 A.2d 1069 (R.I. 2004) (affirming violation finding and sentence). A new state court prosecution based on the incident that is the subject of this case was pending when Crudup's federal sentence was imposed.

because Crudup possessed the firearm in connection with another felony offense (possession of the seventeen bags of cocaine), see U.S.S.G. § 2K2.1(b)(5), and it was decreased by three levels for acceptance of responsibility, which resulted in a net offense level of 25. Since Crudup had a Criminal History Category of IV, his guideline range was 84 to 105 months.

Neither the Government nor Crudup objected to the PSR (see Transcript of Sentencing Hearing conducted on May 2, 2003 ["Sent. Tr."] at 2), but Crudup moved for a downward departure based on extraordinary family circumstances because he asserted that he was the primary caretaker of his ill mother. Crudup also argued that under U.S.S.G. § 5G1.3, his federal sentence should be made concurrent with the state sentence that he was serving. On May 2, 2003, this Court ruled against Crudup on both points and sentenced him to 84 months of incarceration, which were made consecutive to the state sentence he was serving for violating his probation. See note 1, supra.

Crudup appealed his sentence on the ground that it should not have been made consecutive to his state sentence. The Court of Appeals denied his appeal and affirmed his sentence. See United States v. Crudup, 375 F.3d 5 (1st Cir. 2004).

**The § 2255 Motion**

In his § 2255 motion, Crudup makes the following claims:

(1) Trial Counsel was ineffective because he did not inform the

Court that Crudup possessed the firearm for personal protection;

(2) Trial counsel was ineffective because he failed to inform this Court that the new state charges were still pending, and that as a result, his offense level was increased by four points pursuant to U.S.S.G. § 2K2.1(b).

(3) Trial counsel was ineffective because he failed to present sufficient evidence to establish that Crudup was entitled to a downward departure based on family hardship;

(4) His sentence should be vacated in light of United States v. Booker, 543 U.S. 220 (2005); and

(5) His prosecution by both state and federal authorities for the same conduct violated the double jeopardy clause.

## **Analysis**

### I. The Ineffective Assistance of Counsel Claims

#### A. The Ineffective Assistance Standard

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by counsel's deficient performance which, in this context, requires showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id. Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the defendant must overcome that presumption. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (quoting Strickland, 466 U.S. at 689).

When an allegation of ineffective assistance is based on counsel's purported failure to pursue a particular claim or defense, it is incumbent on the defendant to establish that the claim or defense has merit because counsel cannot be branded deficient for failing to pursue a claim or defense that lacks

merit. Ouimette v. United States, C.A. No. 99-489-T, slip op. at 6 (D.R.I. June 21, 2001). Simply compiling a list of things counsel failed to do does not establish that counsel was deficient. A defendant must present some reason for concluding that competent counsel should have done those things. Effective assistance does not require counsel to engage in meaningless acts even if demanded by the client. The defendant must provide some basis for concluding that a proposed course of action was well founded and could have altered the result. Hurley v. United States, 1999 WL 33649128 *2 (D.R.I. 1999).

B. Crudup's Claims

Crudup's ineffective assistance claims do not satisfy even the first prong of the Strickland test because he has failed to establish that his counsel acted unreasonably in not taking the described actions.

Crudup claims that his counsel was deficient in failing to argue that he had justification for possessing the firearm because he previously had been the victim of assaults. However, the defense of necessity or justification "requires that the defendant had no legal alternative to violating the law; the harm he sought to prevent was imminent, and a direct, causal relationship is reasonably anticipated to exist between defendant's actions and the avoidance of harm." United States v. Duclos, 214 F.3d 27, 33 (1st Cir. 2000). See United States v. Bell, 214 F.3d 1299, 1301 (11th

Cir. 2000)(holding that a justification defense requires the defendant to show, *inter alia*, "an unlawful and present, imminent, and impending threat of death or serious bodily injury...."). Here, Crudup has not presented any evidence regarding the alleged assaults, let alone that they created "justification" for possessing the firearm. The probability that the firearm may have been a "tool of the trade" that was useful in conducting drug trafficking activities would not constitute "justification." Accordingly, there was nothing unreasonable about counsel's failure to argue "justification."

Crudup's claim that his counsel was ineffective in failing to inform this Court that the new state charges still were pending is based on the erroneous premise that his offense level was increased by four levels because of those charges. In fact, the four-level increase was based on Crudup's admission that he possessed seventeen bags of cocaine. See U.S.S.G. § 2K2.1(b), cmt. 7 (felony offense adjustment applies "whether or not a criminal charge was brought, or conviction obtained"). Thus, counsel was not deficient in failing to tell the Court that those charges still were pending, a fact that, in any event, was contained in the PSR.

Crudup's claim that counsel was ineffective because counsel was unsuccessful in obtaining a downward departure based upon Crudup's family circumstances also lacks merit. Counsel ably and vigorously argued for a downward departure (see Sent. Tr. at 3-7),

and the fact that the Court denied the motion is not a basis for finding counsel's performance to be deficient.

## II. The Booker Claim

The short answer to Crudup's Booker claim is that Booker's holding that "mandatory" Guidelines are unconstitutional is not retroactive to cases on collateral review. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005)(§2255 petitions are unavailable to advance Booker claims in the absence of Supreme Court decision rendering Booker retroactive); see also United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) (acknowledging same, citing Cirilo-Munoz). Since Crudup's conviction became final before Booker, this claim is without merit.

## III. The Double Jeopardy Claim

Crudup's claim that his prosecution for both state and federal offenses violated the prohibition against double jeopardy also is without merit for two reasons. First, Crudup's failure to raise this issue on appeal constitutes a waiver, unless he can demonstrate "cause" and "prejudice" for the failure. Bousley v. United States, 523 U.S. 614, 622 (1998). Since Crudup has not demonstrated "cause" and "prejudice," he cannot raise the issue on collateral review.

At any rate, it is well established that federal and state prosecutions for different crimes do not violate the Double Jeopardy Clause even though they are based on the same conduct.

See Heath v. Alabama, 474 U.S. 82, 88-89 (1985)(citing cases).

**Conclusion**

For all of the foregoing reasons, Crudup's motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Ernest C. Torres
Senior United States District Judge
Date: 5/14/08