United States District Court
For The District of Rhode Island

Aries Crudup,
Petitioner

Ca-05 330T

-vs-

United States of America
Respondent,

**Notice of Motion for Reconsieration of Title 28 USC § 2255 Motion And denial of 2255 Motion**

Comes now, Aries Crudup,acting Pro se,and serves notice of motion for reconsideration of motion for **Reconsieration of petition pursuant to title 28 USC § 2255.**Petitioner moves this Honorable court pursuant to **F.R.C.P. Rule 59 (e).**And with accordance to local rules.

****************************************************************

Petitioner,filed a motion to vacate,set asde, or correct sentence Pursuant to 28 USC § 2255.Around about August 2005,while in state custody.

Petitioner mention five claims that he thought by law at time,was entitled to.

On May 21,2008 the petitioner recieved by mail a honorable decision made by Judge Ernest C.Torres,denial of the petition.Petitioner is in argeement with the claims that the **Booker Claim,** **and The double Jeopardy Claim,**And the **Four Level Increase** of pending state charge.However the petitioner claim that he entitled evidentiary hearing on two other claims, (1) for justifacation or excuse for carry of fire arm,(2) a Downward Depature based of exraordinary family circusmstance.

In petitioner claim Justfication or Excuse for carry of fire arm,petitioner claim ineffective assistance onthis issue. Cause Edward C.Roy was indeed inform of these assualts,and also told to present these issues before the court.In hopes for downward adjustmen level of sentence,which is relvant factors for sentencing.This demostrates "Prejudice".Petitioner claims the district court have authority to depart if had knew,see U.S. V Lombard 102 f.3d 1,.It should not have matter what the attorney thinks what's justify or excuse it's for the court to decide also see U.S. V Rivera 994 f.2d 942.(Holding the guidelines deals with departures in four basic ways).Petitioner claims that counsel was ineffective for failing to raise this claim.The surpreme court **Strickland v Washington,466 U.S. 668 (1984)** first the prtitioner must prove that counsel performance fell below and objective standard of reasonableness,and second counsel deficient performance prejudice the defendant,resulting is an unreliable or fundmentally unfair outcome in the proceedings.In respect to the the first prong the petitioner points to it.

Counsel was well aware of the assualts.Petitioner confess in the Pre-Sentence report he smoked two blunts a day see PSR.The court was aware of that and assign the petitioner to an institution that had a program of substance abuse counseling see sentencing Tr pg 18 lines 17-25.Petitioner did not carry the fire arm for a tool of the trade,that was useful in conducting drug activites.Petitioner attact an **Exhibit** of (1) assault prior to arrest if the court grants the petitioner an evidentiary hearing petitioner can show on paper and body that ,petitioner suffered stabb assualt and fire arm assualt.Which is indeed the truth. See Johnson v. Zerbst,304 U.S. 458 464 (1938)at 465.(Holding the purpose of the constitutional guaranty of right to counsel is to protect an accused from conviction resulting from his own ignorance).Petitioner counsel that was a private attorney at time was hire,because petitioner did not understand the complacated nature of these proceedings.

Downward Departure: Claim

With respect for the Court decision. Petitioner, argues that counsel was ineffective for not investigating, records, stages of Petitioner life for caring for his mother. Petitioner believes the Court made it's decision on the Downward Departure, because counsel did not provide no evidence, counsel totally relied on the PSR (See sentencing Tr pg 9, lines 6-25.) for support of the motion, for Downward Depature. Petitioner pled guilty in federal district court on September 27, 2002, and sentence May 2, 2003. Where in time evidence were availiable, for counsel to obtain. Petitioner therefor claim ineffective assistance, for failure to investigate, also for not acting as comptent Private attorney on Petitioner case. I stress that title, cause as all us know, studies have noted widespread defendants distrust of public defenders (who are seen as agents of the state). Petitioner falls in the Strickland v. Washington, Failure to

investigate which violates effective assistance of Counsel. Cause the possibility of the out-come could of been different. Counsel could not even establish a simple requirement of Petitioner living with his mother and sister for support of the motion. See sentencing Tr pg 9, lines 8-11.

Pursuant to F.R.C.P. Rule 59(e), Petitioner asserts that evidentiary hearing is necessary, Files and records do not concusively show he not entitled to relief, see section 2255 Rules, Here, the Petitioner provide evidence for a justification or excuse for possesion of a firearm. With a attached exhibit, to support his claim. Further, the Petitioner is "entitled to evidentiary hearing, because potential factual disputes exist. See Solis v. U.S. 252 F.3d 289 (3d cir 2001). In Solis the Honorable Third Circuit held that

"Section 2255 requires that a hearing precede any District Court determination of a disputed issue of Fact concerning petitioner's entitlment to relief". See also Machibroda v. United States, 368 U.S. 487 (1962). Wiggins v. United States 123 S. Ct 2257, 2259 (2003).

In the instant case there are many disputed Facts between the two party's. Further, all of the Petitioner's Claims are premised upon ineffective assistance of Counsel. See TSE v. United States, 290 F.3d 462 (1st Cir 2002). (Holding that "evidentialy hearing required for allegation of ineffective assistance")

WhereFore, the petitioner asserts that an evidentiary hearing is Necessary in this Case and, thereFore, that Counsel be appointed to represent him, if this Court Feels in-themselfs this case in pursuant to F.R.C.P. Rule 59(e) is Worthy.

Respectfully Submitted

Aries Crudup

Aries D. Crudup
Reg. #05205-070
USP-Hazelto
P.O. Box 2000
Bruceton Mills, west Virginia, 26525

I Hereby declare, under the Penalty of perjury that foregoing is true and correct. Excuted on May 27, 2008.

Aries Crudup
ARIES D. Crudup