United States District Court
For The District OF Rhode Island

Aries Crudup,
Petitioner,

Case NO.05-330T

vs

United States OF America,
Respondent./

**Motion For Certificate of Appealabity**

Comes now Aries Crudup, in pro se, reguesting this honorable court grants a certificate of appealabity pursuant 28 USCS § 2253 (c). Petitioner seeks to appeal a issue in his final order in proceeding under § 28 U.S.C 2255.(Holding that Booker claims or, in light of Booker claims are not retroactive to cases on collateral review.) Petitioner acknoledge a Surpreme Court Authority, Davis v United States 417 U.S. 333, dealing with intervening change in circut law, Petitioner on direct review challenge the consecutive verse concurrent sentencing. Due to mandatory guidlines system, the Court of Appeals for First Circut affrim the sentence. See Crudup v. Unite States, 375 F.3d 5(1st cir 2004). Under Antonakopoulos, 399, F.3d 68 (2005). The first circut of appeals held, where a defendant showed reasonable probality that the district court would have imposed a different sentence more favorable to the defendant at sentencing-had the guidelines not been mandatory. Now in light of the intervening

change in circuit law.The first circuit has the authority to resentence the Petitioner to district court.Due to what it's holdings in U.S. v. Antonakopoulos.Since the petitioner was sentence under U.S.S.G. 2002,which is well clear at that time, the guidelines were unconstitutional which violates the sixth amendent.The recent surpreme court decison in Booker,543 U.S.___ 125 S.ct 738 (2005). held that the sentencing guidlines are to be applied "advisory" instead of "mandatory" under the Booker regime.The booker decision is the foundation of the decision in Antonakopoulos.(The guidelins no longer having a mandatory application.)The district court was bound by application note 6 of section 5G1.3 of sentencing guidelines,which was mandatory at the time of petitioner sentencing.See Tr. pg.14 lines 14-22. Petitioner claims if the issue he seeking for to appealing and comes before the court of appeals will apply the review standar-ds.Wherein there has been an intervening change in circuit law, on an issue raised while on direct review,petitioner should be entitled for review of that issue.Where the law of the case is in **error**.See White v.U.S.371 F.3d 900(7th cir.2004).(Holding even where the law of the case doctrine applies,the doctine has exception for new evidance,**changes of law**,cleary erronous prior decisions and manifest injustice.)White at 902.

Since Antonakopoulos is the controlling Authority of th First Circuit,and there was a constitutional violation Petitoner hopes The District Court finds this Motion worthy for certificate of appealabity.

Respectfully Submitted,

Aries Crudup

Aries Crudup,05205-070
Petitioner Pro se
USP- Hazleton
P.O. Box 2000
BrucetonMills,WV 26525

Iherby declare,under the Penalty of perjury that the forgoing is true and correct. Excuted 7-24-08